**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

EJ Welch Co., Inc., Spartan Flooring OPCO, LLC,

Plaintiff,

v.

Roy Rueb, a Minnesota resident, MIDWEST FLOOR SOURCE, INC., a Minnesota corporation, LIVE VENTURES, INC., a Nevada corporation, FLOORING LIQUIDATORS, INC., a California corporation, MARQUIS INDUSTRIES, INC., a Georgia corporation, 10K LAKES PARTNERS LLC, a Minnesota limited liability company, and DOES 1-10,

Defendants.

No. 24-cv-2779 (NEB/SGE)

**ORDER**

---

This matter is before the Court on (1) Defendants' Motion to Withdraw without Substitute Counsel; and (2) Plaintiffs' Motion to Compel Discovery. For the reasons discussed below, (1) Defendants' Motion to Withdraw without Substitute Counsel is **GRANTED**; and (2) Plaintiffs' Motion to Compel Discovery is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

This is a trade secret misappropriation and unfair competition lawsuit. (Dkt. 267.) Plaintiff, E.J. Welch Co., Inc., was a distributor and supplier of flooring materials to residential and commercial contractors, builders, and retailers across the United States. (*Id.* ¶ 14.) Plaintiff Spartan Flooring OPCO, LLC acquired E.J. Welch's assets during a

foreclosure proceeding. (*See* Dkt. 267.) Plaintiffs brought this case against Roy Rueb, Midwest Floor Source, Inc. ("MFS"), Live Ventures, Inc., Marquis Industries, Inc., Flooring Liquidators, Inc., 10K Lakes Partners LLC, and Doe Defendants 1 through 10, E.J. Welch's competitors. (*Id.*)

Andrew Bardwell of Skolnick & Bardwell, P.A. represents Defendants MFS, Live Ventures, Inc., Flooring Liquidators, Inc., and Marquis Industries, Inc. ("Defendants"). Mr. Bardwell has moved to withdraw from representing these entities, citing District of Minnesota Local Rule 83.7(c), Minn. R. Prof. Conduct 1.16(b)(5)-(7) and ABA Formal Opinion 519. (Dkts. 288 and 289 ¶¶ 5 and 6.) No other party has submitted any briefing on Mr. Bardwell's Motion nor do they object to it. Substitute counsel has not been appointed.

During the November 12, 2026 hearing on his Motion, Mr. Bardwell detailed his reasons for withdrawal during an in-camera review. (*See* Dkt. 307.) Later, during oral arguments, Plaintiffs confirmed that they do not oppose Mr. Bardwell's Motion but reiterated their concerns regarding delayed and deficient responses to their discovery requests. (*See id.*) They noted that granting Mr. Bardwell's Motion could further delay Defendants' discovery responses. (*Id.*)

Plaintiffs moved to compel discovery the same day Mr. Bardwell moved to withdraw. (Dkt. 277.) In their Motion, Plaintiffs claim that Defendants have "essentially stopped participating in the discovery process," (Dkt., 279, at 1, 6–7) and after months of back and forth, Plaintiffs still seek the following items from Defendants: (1) Request for Production ("RFP") No. 22, MFS's documents related to the 10K Lakes transaction; (2) RFP No. 25, MFS's documents related to the Rollmaster database; and (3) RFP Nos. 3, 5,

11, and 20, Live Ventures, Inc., Flooring Liquidators, Inc., and Marquis Industries, Inc. financial records.

Plaintiffs explain that they initially served interrogatories and RFPs to Defendants' former counsel on March 18, 2026. (Dkt. 279, at 3–5.) Defendants' former counsel objected to RFP Nos. 22 and 25 but agreed to produce some documents on April 17, 2026 in response. (*Id.*; Dkt. 281-2) Defendants also produced some but not all of the financial records in response to RFP Nos. 3, 5, 11, and 20. (*Id.*, at 13–15). Throughout this time, the parties disagreed on the scope of discovery because of Plaintiffs' pending Motion to Amend the pleadings[1] but continued exchanging e-mails in May 2026 and continued to meet and confer in June 2026. (*Id.*, at 5–6, 15–16.) Defendants' former counsel then officially withdrew from representation on July 20, 2026, and Mr. Bardwell began representing Defendants thereafter. (Dkt. 226). Eight days later, on July 28, 2026, Plaintiffs notified Defendants' new counsel of the deficient discovery responses but did not receive a response until the parties met and conferred on September 23, 2026, and Defendants' counsel agreed to cure the deficiencies. (*Id.*)

On September 29, 2026, after presenting oral arguments on Plaintiffs' Motion to Amend the Pleadings, the parties informally discussed this discovery dispute with the Court and agreed to meet and confer in an attempt to resolve the dispute. (*Id.*) Defendants agreed to update Plaintiffs by October 2, 2026 on the status of the discovery requests but did not do so. Plaintiffs thereafter moved to compel discovery and requested an award of attorney's

[1] The Court granted Plaintiff leave to file its Second Amended Complaint on May 18, 2026.

fees and expenses for bringing the motion. (Dkt. 277.) During oral arguments, Plaintiffs reiterated that despite their diligent efforts, discovery has stalled and they requested that the Court order production of documents by a date certain. (*See* Dkt. 307.)

Defendants do not dispute that the documents at issue are relevant and proportional. (Dkt. 298.) Rather, they explain that they have been in a commercial dispute with their ESI vendor and that has caused a delay in producing the documents. (*Id.*; Dkt. 299 ¶¶ 2–3.) Defendants argue that their delay has not been willful and "[a]s envisioned by Rule 37, these 'other circumstances make an award of expenses unjust.'" (Dkt. 298 citing Fed. R. Civ. P. 37(a)(5)(A)(iii).)

## ANALYSIS

### I. Defendants' Motion to Withdraw without Substitute Counsel

Under District of Minnesota Local Rule 83.7(c), a lawyer seeking to withdraw without substitution of counsel must give notice to the client and show good cause. It is within the Court's discretion to allow counsel to withdraw without substitution. *See Fleming v. Harris,* 39 F.3d 905, 908 (8th Cir. 1994). In making that determination, the Court considers the following factors: "(1) the reasons for withdrawal; (2) resulting prejudice, if any, to the parties; (3) the effect withdrawal may have on the administration of justice; and (4) the delay in resolution of the case that would result from the withdrawal.'" *COKeM Int'l, Ltd., v. MSI Ent. LLC*, No. 19-CV-3114 (JRT/HB), 2020 WL 12880065, at *1 (D. Minn. Oct. 19, 2020) (quoting *Ivers v. CMFG Life Ins. Co.*, No. 15-CV-1577 (WMW/JJK), 2016 WL 11031189, at *1 (D. Minn. Apr. 5, 2016)). "Courts typically evaluate the impact of the withdrawal on the parties' interests and the progress of

the action." *AB Tours LLC v. ABC Bus Leasing, Inc.*, No. CV 21-1376 (ECT/BRT), 2021 WL 10395829, at *1 (D. Minn. Dec. 13, 2021) (quoting *Deluxe Small Bus. Sales, Inc. v. Findley*, No. 11-CV-1449 (JNE/SER), 2012 WL 13047581, at *2 (D. Minn. Mar. 28, 2012)).

The Minnesota Rules of Professional Conduct are also relevant here. The Rules allow for permissive withdrawal if, among other reasons, the client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services, if the representation will result in an unreasonable financial burden on the lawyer, or if other good cause for withdrawal exists. Minn. R. Prof. Conduct 1.16(b)(5)-(7). "If the District's Local Rule governing withdrawal without substitution and the Minnesota Rules of Professional Conduct are satisfied, withdrawal is presumptively appropriate." *United States v. Evergreen Recovery Inc.*, No. 24-CV-2944 (KMM/JFD), 2024 WL 7011277, at *1 (D. Minn. Aug. 23, 2024) (cleaned up).

Here, Mr. Bardwell did not submit a memorandum of law in support of his Motion to Withdraw and only included an affidavit stating that attorney-client privilege and confidentiality prevents him from disclosing any more details. (Dkt. 289.) However, during the November 12, 2026 hearing, Mr. Bardwell detailed the circumstances that necessitate withdrawal under Local Rule 83.7(c) and Minn. R. Prof. Conduct 1.16(b)(5)-(7). *See*, *e.g.*, *4Brava, LLC v. Sachs*, No. 15-CV-2744 (JRT/DTS), Dkts. 340, 343 (permitting closed hearings to allow counsel to show cause in furtherance of a motion to withdraw from representation). During an in-camera review, Mr. Bardwell demonstrated that good cause exists to grant his Motion.

Because good cause for withdrawal exists, the Court next considers prejudice to the nonmovants. The Court finds that granting Mr. Bardwell's Motion does not prejudice the nonmovants. On November 5, 2026, the parties stipulated to a 90-day extension of all deadlines, and the fact discovery deadline has been extended to February 10, 2027. (Dkts. 303, 305.) The Court finds that ordering Defendants to obtain replacement counsel by a date certain also mitigates any prejudice to the nonmovants.

Accordingly, Mr. Bardwell's Motion is granted.

## II. Motion to Compel Discovery

Rule 37 of the Federal Rules of Civil Procedure allows a party to move for an order compelling a discovery response when a party fails to answer an interrogatory or produce documents in response to document requests. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). A court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such expenses should not be ordered, however, if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). *Rosenstiel v. McDonald*, No. 23-CV-1876 (NEB/TNL), 2024 WL 3949336, at *2 (D. Minn. Aug. 26, 2024).

**A. Discovery Responses**

Plaintiffs contend that Defendants have stonewalled their discovery requests. Plaintiffs served RFPs 3, 5, 11, 20, 22, and 25 on March 18, 2026. Defendants' former counsel objected to RFP. Nos. 22 and 25 on April 17, 2026 (within the 30-day period for responding to discovery requests) but agreed to produce some documents in response. (Dkt. 279, at 5–6, 13–15; Dkt. 281-2.) Defendants continued to meet and confer on the scope of discovery and negotiated search terms for discovery during this time, while simultaneously producing some documents. (*Id.*)

Plaintiffs raised inadequacies in document production with Defendants' new counsel on July 28, 2026, a mere eight days after change of counsel. (*Id.*) Defendants' new counsel did not respond until September 23, 2026, but agreed to investigate the reasons for delay and promised Plaintiffs an update by October 2, 2026. (*Id.*) Defense counsel failed to do so, however, and Defendants now claim that a commercial dispute with their ESI vendor has caused the production delay. Unfortunately, Defendants have provided no information about the nature of the dispute, the reasons it has caused the delay, or whether a resolution is forthcoming. Defendants should have at least submitted an affidavit substantiating the ESI dispute and a timetable for resolution. (Dkts. 298 and 299.)

Based on the above, the Court finds that ordering Defendants to produce documents by a date certain is warranted. Although it does not appear the Defendants are stonewalling Plaintiffs' requests, this case must progress under the case management schedule regardless of any unrelated third-party dispute.

### B. Reasonable Expenses and Attorney's Fees

Plaintiffs' request for reasonable expenses and attorney's fees is unjustified at this point. Plaintiffs cite Rule 37(a)(4) and 37(a)(5)(A) and case law from this District in support of their request. (Dkt. 279 at 21.) But Rule 37 merely necessitates a written response to discovery requests within 30 days, it does not require full production within 30 days. Defendants responded within the deadline and agreed to production (albeit on a piecemeal basis). Under these circumstances, an award of attorney's fees is unwarranted. *See Rosenstiel*, 2024 WL 3949336, at *3 (granting fees when a defendant was non-responsive to a prior motion to compel discovery); *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15- CV-3183 ADM/LIB, 2017 WL 62514, at *2 (D. Minn. Jan. 5, 2017) (affirming fee awards where a party did not produce documents until after a third motion to compel discovery and for evading a magistrate judge's questions during the motion hearing). However, should Defendants refuse to produce documents as ordered below, the Court will consider a renewed Motion for Attorney's Fees.

Plaintiffs' request for attorney's fees is therefore denied.

## CONCLUSION

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Mr. Andrew Bardwell's Motion to Withdraw without Substitute Counsel is **GRANTED**.

2. Defendants Midwest Floor Source, Live Ventures, Marquis Industries, and Flooring Liquidators shall obtain substitute counsel on or before **December 11, 2026**.

3. Plaintiffs' Motion to Compel Discovery is **GRANTED-IN-PART** and **DENIED-IN-PART.**

4. Defendants Midwest Floor Source, Live Ventures, Marquis Industries, and Flooring Liquidators shall produce documents in response to RFP Nos. 3, 5, 11, 20, 22 and 25 on or before **December 11, 2026**.

5. Plaintiffs' request for Attorney's Fees is **DENIED.**

Dated: November 16, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge